COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.  2-06-380-CR

        2-06-381-CR

 

 

MITCHELL ALAN KERR                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Mitchell Alan Kerr
attempts to appeal convictions for forgery and possession of a controlled
substance.  Pursuant to a plea bargain
agreement, Appellant was sentenced to three years= confinement in the forgery case and one hundred eighty days= confinement in the possession case, with the sentences to run
concurrently.  The trial court=s certifications recite that each case is a plea bargain case and the defendant
has no right of appeal, and that the defendant waived his right to appeal.  See Tex.
R. App. P. 25.2(a)(2).[2]
The certifications were signed by Appellant and his attorney, who both also
signed a plea bargain agreement in each case specifying that Appellant was
pleading guilty pursuant to a plea bargain agreement.  The trial court admonished Appellant in
writing in each case that if the plea bargain was followed by the court,
Appellant could not appeal without the trial court=s permission, except for matters raised by written motions filed prior
to trial; Appellant and his attorney signed these documents.  Lastly, Appellant signed a AWaiver of Appeal@ in each
case specifically stating, AI hereby, with the consent and approval of my attorney, in person, in
writing, and in open court waive the right to any appeal in this case and state
that I do not desire to appeal.@   








Appellant subsequently filed
a pro se notice of appeal in each case. 
We notified the pro se Appellant and
his attorney that Appellant=s appeals were subject to dismissal based on the trial
court=s certifications unless Appellant filed a response
showing grounds for continuing the appeal. 
See Tex. R. App. P.
25.2(d), 44.3.  Although Appellant filed
a pro se response, it does not show grounds for continuing the appeals.  The response filed by Appellant=s attorney
acknowledges that the cases were disposed of pursuant to a plea bargain
agreement, Appellant waived his right to appeal in each case, there were no
pretrial motions filed, Appellant has not obtained the trial court=s permission to
appeal, and counsel is unaware of any issues of jurisdiction or unauthorized
sentences that might be applicable in these appeals.  Accordingly, we dismiss these two appeals.  See Tex.
R. App. P. 43.2(f).

 

PER CURIAM

 

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
December 14, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]This
rule provides that the trial court shall enter a certification of a defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.